MICHAEL HART, as Secretary-Treasurer of Local 56 of International Brotherhood of Firemen, Oilers and Maintenance Mechanics, Plaintiff, *v.* GRANDVIEW DAIRY, INC., Defendant.

Supreme Court, Special Term, New York County, May 18, 1955.

*Michael Klein* for plaintiff.

*Charles A. Costabell* for defendant.

WALTER, J. A labor union (Local 56 of International Brotherhood of Firemen, Oilers & Maintenance Mechanics) here seeks to compel an employer to discharge two of its employees because such employees have ceased to be members of the union. The claim of a right to such relief is based upon the fact that a contract between the union and the employer provides " throughout the term of this agreement, persons employed as firemen, oilers, coal passers, maintenance mechanics or maintenance helpers shall become and remain members of the Union after the first thirty days of employment ".

I am of the opinion that that agreement was not made by agents of, and is not binding upon the two employees whom plaintiff seeks to compel defendant to discharge, and that for that reason the complaint must be dismissed.

In August, 1948, the N. L. R. B. certified that the required majority of the employees eligible to vote had voted to authorize said Local 56 to make an agreement with the employer (defendant herein) requiring membership in said Local as a condition of employment; and successive agreements containing such a requirement were in force from shortly after that date until December 31, 1953.

On April 23, 1954, Local 56 and defendant made an agreement by the terms of which the agreement which had expired on December 31, 1953, was declared, with an exception here immaterial, to remain and continue in force until December 31, 1955; and it is that agreement of April 23, 1954, upon which plaintiff bases its right to relief.

But one of the employees whose discharge is now sought had ceased paying dues to Local 56 in October, 1953, and the other had ceased paying dues to Local 56 in January, 1954, and under the by-laws of the union they had ceased to be members of the union before April 23, 1954. They so ceased paying dues, not inadvertently or through hardship, but deliberately and intentionally for the purpose of terminating their membership in Local 56 and joining another union; and one, if not both, became a member of Local 30 of International Union of Operating Engineers before April, 1954.

In May, 1954, defendant entered into an agreement with Local 30; but that agreement is not involved in this action and it is unnecessary to decide whether it is valid and enforcible or not.

The question here in issue is whether defendant's contract of April 23, 1954, with Local 56 entitles the union to require the employer to discharge two of its employees; and I am of the opinion that the two employees whose discharge by defendant is now sought by Local 56 had a right to leave Local 56 and join another union, and that as they had left Local 56 before April 23, 1954, Local 56 was not their agent on that date and the agreement of that date is not binding upon them and gives Local 56 no right or standing to insist that defendant discharge them.

Union member employees cannot avoid the result of a valid election by merely notifying their employer immediately after the holding of the election that they do not desire to be represented by the union which has won the election (*Brooks* v. *Labor Board,* 348 U. S. 96). Neither can union member employees avoid a valid contract duly made with their employer through a duly selected bargaining representative by the device of choosing another union as their bargaining representative while that contract is in force (*Matter of Triboro Coach Corp.* v. *New York State Labor Relations Bd.,* 286 N. Y. 314).

But this case is not in any way analogous to either of those situations. Here the situation is that more than five years after the certification of Local 56 as the bargaining representative of this defendant's employees these two employees left Local 56 in good faith in order to join another union, and it was after they had left that Local 56 attempted to make the new contract upon which plaintiff here relies. I think that when they left Local 56, that union ceased to be their bargaining representative, without any petition to the Labor Relations Board and without any decertification by the board, and that the contract thereafter made by Local 56 with defendant is not binding upon them. The contract, it is true, is between the union and the employer, not

between the employer and the employees; but the attempt here is to cause it to affect a right of the two employees in question, viz., their right to continue in defendant's employ as long as defendant is willing to employ them, and to use the contract in that way it is essential, I think, to show that the contract is binding upon them because made by one acting under authority from them, and that showing has not been made. The contrary is clearly established.

I realize, of course, that a collective bargaining agreement between a union and an employer covers many things besides the mere provision for union membership which is here involved, and I am not in any way suggesting that this agreement of April 23, 1954, between Local 56 and defendant is invalid in its entirety. I hold no more than that it cannot be used as a means of compelling defendant to discharge these two employees who had intentionally ceased to be members of Local 56 before the contract was made.

The complaint accordingly must be dismissed, with costs. I direct the entry of judgment accordingly.

The foregoing constitutes the decision required by the Civil Practice Act and judgment is to be entered thereon.